[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
In this habeas corpus action, the petitioner, in an amended petition dated December 8, 1998, asserts three grounds for relief. Grounds one and two pertain to the calculation of petitioner's term of imprisonment and are not affected by the present motion. In ground three, the petitioner alleges prosecutorial misconduct pertaining to the identification witnesses who testified at his criminal trial. The respondent has moved to dismiss ground three because (1) it does not allege a claim upon which relief may be granted; (2) the claim could have been raised in petitioner's first habeas corpus petition; and (3) the essence of the claim was raised in petitioner's Petition for New Trial. This is petitioner's second habeas corpus petition. The first petition was brought in the judicial district of Tolland under Docket CV 91-1362 and was denied by the court (Bishop, J.) on December 11, 1991.
In his Petition for New Trial, petitioner raised claims of police and prosecutorial misconduct regarding an identification witness who testified at petitioner's criminal trial. The trial court denied the petition. This ruling was affirmed on appeal. Channer v. State of Connecticut,54 Conn. App. 620 (1999). Having lost at trial and on appeal, petitioner now seeks to raise essentially the same claims in the present habeas corpus petition. CT Page 9892
A second habeas petition is only allowed upon a showing of cause and prejudice, or a fundamental miscarriage of justice. McClesky v. Zant,499 U.S. 467, 494-95 (1991). On the present record, the court finds that petitioner has not made such a showing. To the contrary, petitioner had a full opportunity to litigate the prosecutorial misconduct claims in his Petition for New Trial.
The motion to dismiss ground three is granted.
So ordered at New Haven, Connecticut, this 23rd day of July, 2001.
Devlin, J.